UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, *individually and on behalf of all others similarly situated*, | ) ) ) |
| *Plaintiff*, | ) ) ) No. 1:23-cv-02215-JMS-MKK |
| v. | ) ) |
| REID HOSPITAL & HEALTH CARE SERVICES, INC. *d/b/a* REID HEALTH, | ) ) ) |
| *Defendant*. | ) ) |

**ORDER**

Defendant removed this matter to this Court on December 8, 2023, alleging that federal question jurisdiction exists in Plaintiff's state law claim for breach of implied contract (Count IV) because the claim depends on whether the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.* ("HIPAA") was violated. [Filing No. 1.] On December 12, 2023, Defendant filed its Motion for Extension of Time to Respond to Complaint, in which it indicated that Plaintiff would be filing a motion for remand. [Filing No. 9 at 2.] Two days later, Defendant's Motion for Extension of Time to Respond to Complaint was denied. [Filing No. 10.] The next day, Defendant filed its Motion to Dismiss Class Action Complaint for failure to state claims upon which relief may be granted. [Filing No. 11.] In response, Plaintiff filed an Amended Complaint, [Filing No. 14], but has filed not a motion for remand. The Amended Complaint, however, fails allege the grounds for the Court's jurisdiction in accordance with Federal Rule of Civil Procedure 8(a)(1).[1] [*See* Filing No. 14.]

---

[1] Rule 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. Pro. 8(a)(1).

Because Plaintiff filed an Amended Complaint after Defendant's Motion to Dismiss, the Amended Complaint now controls this litigation and supersedes the pleading at which the Motion to Dismiss is directed.  See *Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward…[b]ecause a plaintiff's new complaint wipes away prior pleadings[.]") (citations omitted).  Accordingly, the pending Motion to Dismiss, [11], is **DENIED AS MOOT**.

Further, the Court **ORDERS** Ms. Doe to **SHOW CAUSE** by **January 29, 2024**, as to how this Court has subject matter jurisdiction over her claims.  If Plaintiff is not raising a federal claim, she can state so in her response to this Order and need not file a Second Amended Complaint that complies with Rule 8(a)(1).  If Plaintiff responds that she is not raising a federal claim, then Defendant has **21 days** from the date of Plaintiff's response to **SHOW CAUSE** regarding this Court's jurisdiction and the propriety of its removal petition.  If Plaintiff files a Second Amended Complaint, Defendant must answer or otherwise respond to Plaintiff's Second Amended Complaint as contemplated by the Federal Rules of Civil Procedure.

Date: 1/8/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**